IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CEDRIC LAMON JACKSON,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:19-CV-1621-L-BH** |
| § | |
| **DIRECTOR, Texas Department of** § | |
| **Criminal Justice, Correctional** § | |
| **Institutions Division,** § | |
| § | |
| Respondent. § | |

## ORDER

On April 1, 2022, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 17) was entered, recommending that the court dismiss with prejudice, without conducting an evidentiary hearing, Petition for a Writ of Habeas Corpus that was filed by Petitioner pursuant to 28 U.S.C. § 2254 and his claims based on alleged ineffective assistance of counsel and a Fourth Amendment violation. On April 15, 2022, Petitioner, who is represented by counsel, filed objections disagreeing with all of the magistrate judge's findings and conclusions, contending that: (1) trial counsel provided ineffective assistance in failing to develop and present mental health evidence during the guilt-innocence phase of his jury trial; (2) trial counsel provided ineffective assistance in failing to object to the State's cell-site location evidence; (3) "[t]he State's chronicling of Jackson's whereabouts through the use of CSLI violated Jackson's reasonable expectation of privacy as protected by the Fourth Amendment, and the conviction based on that evidence cannot stand;" and (4) he is entitled to an evidentiary hearing. Obj. 7. In addition, "Petitioner further objects to the Magistrate Judge's finding/conclusion that he is not entitled to an evidentiary hearing in federal court." *Id.*

**Order – Page 1**

Petitioner's first and second objections do not address the magistrate judge's determination that he failed to allege any facts or evidence to demonstrate prejudice or show how the outcome of the proceeding would have been different as required to support an ineffective assistance of counsel claim. Petitioner's third objection, which is quoted above in its entirety, fails to address the magistrate judge's determination that this claim is barred from federal habeas review. Likewise, Petitioner provides no explanation why he believes the magistrate judge erred in: (1) determining that he has not established his entitlement to an evidentiary hearing and no hearing appears to be necessary; and (2) recommending that that his habeas action and claims should be dismissed with prejudice. Accordingly, the court **overrules** Petitioner's objections.

Having reviewed the habeas petition, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **denies** Petitioner's section 2254 habeas petition (Doc. 1) and **dismisses with prejudice** this habeas action and all claims asserted by Petitioner.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)     Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)     Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 18th day of April, 2022.

Sam A. Lindsay
United States District Judge